UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| James Derrick Baldwin, | ) | C/A No. 7:04-23098-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Spartanburg County, Spartanburg | ) | |
| County Detention Center, Unknown | ) | |
| Spartanburg County Detention | ) | |
| Center Employees, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff James Derrick Baldwin brought this action in state court pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights relating to medical care which he received while being detained at the Spartanburg Detention Center in May of 2002.  He further alleges a state law claim that the defendants were grossly negligent in connection with his treatment.  The defendants removed the case to this Court on November 29, 2004.

This matter is before the court on defendants' motion for summary judgment filed March 1, 2007.  In support of their motion, the defendants filed a memorandum of law and attached portions of the plaintiff's deposition as well as portions of the depositions of the jail doctor, Salvatore Bianco, M.D.; the nurse at the detention center, Ms. Judy Collins; and the plaintiff's family practice doctor, Carla Gentry, M.D.

Although represented by counsel, the plaintiff has failed to file a response to the motion for summary judgment. Under Local Rule 7.06, any memorandum or response from an opposing party "must be filed within fifteen (15) days of the service of the motion unless the Court imposes a

1

different deadline. If no memorandum in opposition is filed within fifteen (15) days of the date of service, the Court will decide the matter on the record and such oral argument as the movant may be permitted to offer, if any."[1]

## Facts

Plaintiff alleges in his Complaint that he was arrested and detained at the detention center on May 8, 2002 pursuant to a bench warrant for failure to appear and was released on May 17, 2002 under an order rescinding the bench warrant. He alleges that at the time he entered the Center he was being treated for a mental condition for which his physician had prescribed Xanax and Paxil. He further alleges that, instead of giving him Xanax and Paxil, the defendants gave him Clonidine, Vistaril, and Zoloft, although the plaintiff's physician faxed a memo to the Center which indicated the medications that he was taking. Plaintiff alleges that he suffered severe emotional symptoms as a result of receiving "the wrong medication or no medication while at the Center". (Complaint, ¶ 12).

The deposition of the nurse at the detention center indicates that she monitored Baldwin for "a couple hours" and that she gave him Phenergan, Clonidine, and Vistaril for anxiety as ordered by the jail doctor, Biano. She further states that Baldwin told her he was taking Xanax but that she was required to obtain a doctor's approval to give him a controlled drug.

Dr. Bianco, the detention center doctor, indicates that a fax from Dr. Gentry stating Baldwin was taking Paxil and Xanax was received by the Center on May 9, 2002. He states that the fax indicated that Baldwin was being "tapered off of the Paxil". He indicated that he saw Baldwin on May 10, 2002 and prescribed Zoloft instead of Paxil due to the fact the patient was not satisfied with Paxil and that

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

Zoloft was from the same class of medicines. He further states that Xanax is not "routinely given at the jail, just because it is a very highly abused medicine." (Depo. p. 15). He states that he gave Baldwin Clonidine and Vistaril as a substitute for Xanax, both of which would be effective to treat him for any symptoms of withdrawal from Xanax.

## Summary Judgment Standard

Although the plaintiff did not respond to the motion for summary judgment, the Court has "an independent responsibility to determine whether judgment as a matter of law is warranted." *United States v. Lambert*, 915 F.Supp.797 (S.D.W.Va. 1996), citing *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410 (4th Cir. 1993). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'. . . Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer*, 12 F.3d at 416.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn

therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

## Claim against Detention Center

At the outset, the Court will address the plaintiff's claim against the defendant, Spartanburg County Detention Center. It is well established that inanimate objects such as buildings are not persons under 42 U.S.C. § 1983. *See Brooks v. Pembroke City Jail*, 722 F.Supp. 1294 (E.D.N.C. 1989); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D.Va. 1999), *overruled on other grounds*, *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983, and we affirm dismissal of the claims against the jail for that reason.") Therefore, defendant Spartanburg County Detention Center is dismissed as a party as to the Section 1983 claim.

## Constitutional Claim against County and Unknown Employees

In the case of *Estelle v. Gamble*, 429 U.S. 91 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain."

4

*Id*. quoting *Gregg v. Georgia*, 428 U.S. 153, 169-173 (1976). The Court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 103-1005 (Footnotes and internal citation omitted). Despite finding that "deliberate indifference to serious medical needs" was violative of a constitutionally protected right, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

The Fourth Circuit Court of Appeals has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851 (internal citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*; *supra*; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee*

*v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

In order to establish a prima facie case under the Eighth Amendment, plaintiff must show that, objectively assessed, he had a "sufficiently serious" medical need to require treatment." *Brice v. Virginia Beach Correctional Ctr.*, 58 F.3d 101, 104 (4th Cir. 1995). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (*quoting Monmouth Co. Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. *Estelle*, *supra*. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Davidson v. Cannon*, 74 U.S. 344, 345-48 (1986); *Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Pink v. Lester*, 52 F.3d 73, 38 (4th Cir. 1995) (*applying Daniels v. Williams and Ruefly v. London*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct."); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987).

Additionally, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200-03 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *Estelle, supra*, at 106. ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") Thus, even if the plaintiff were able to show that defendants' actions somehow constituted medical negligence or medical malpractice, these are not actionable under 42 U.S.C. § 1983.

"Although the Constitution does require that prisoners be provided with a certain minimum level

of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).

Here, Baldwin has failed to carry his burden of showing a disputed issue of material fact as to the constitutional claim. Even if the plaintiff had a serious medical condition within the meaning of *Estelle*[2], the medical attention Baldwin received is well documented, which undercuts the claim that any defendant was deliberately indifferent to his needs. The proper inquiry in an Eighth Amendment medical indifference case is whether the prison officials disregarded a serious medical condition; the plaintiff's agreement or disagreement with the treatment is irrelevant. *Lamb*, 633 F. Supp. at 353. To the extent Baldwin wanted to receive different medications than his doctor prescribed, and to the extent Baldwin disagreed with his doctor, such claims are not actionable in a civil rights action. *Russell*, 528 F.2d at 319. Accordingly, the Court grants the defendants' motion for summary judgment as to the plaintiff's first cause of action.

**Qualified Immunity**

Defendants also assert that the detention center employees are protected by the doctrine of qualified immunity, as they were performing discretionary functions and did not violate "clearly

---

[2] A medical need is considered "serious" where it has been "diagnosed by a physician or is so obvious that even a layperson would recognize the need for a doctor's treatment." *Harden v. Green*, 27 Fed. Appx. 173 (4th Cir. 2001), citing *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a person is sued in his individual capacity, the court may consider whether that person is entitled to immunity from suit. Immunity is a defense to be asserted by the defendant and the burden of proving entitlement to immunity rests with the defendant asserting it. *Gomez v. Toldeo*, 446 U.S. 635, 640-41 (1980); *Tanner v. Hardy*, 764 F.2d 1024, 1027 (4th Cir. 1985). "A court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999). As discussed above, the plaintiff has not shown deprivation of a constitutional right, as the plaintiff is simply dissatisfied with the medications which the doctor prescribed. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Thus, the Court finds that the individual officials actions were protected by the doctrine of qualified immunity.

### State Tort Law Claim

As plaintiff fails to establish, as discussed above, that the defendant violated his rights under § 1983 only potential state law claims remain. The defendants have also moved for summary judgment as to the plaintiff's claim of gross negligence under state common law.

This Court has discretion concerning whether to retain supplemental jurisdiction over state law claims after dismissal of the federal claims. *See* 28 U.S.C. § 1367(c)(3). Where a case is removed from state court, a district court has discretion to remand the state law claims to state court instead of dismissing the state law claims. The Court finds that remand of the state law claims to the Spartanburg County Court of Common Pleas which has expertise over the state Tort Claims Act would be appropriate. *See Hinson v. Norwest Financial South Carolina, Inc*., 239 F.32d 611, 616 (4th Cir. 2001).

This Court does not address the defendants' contention that summary judgment should be granted as to the gross negligence claim.

## Conclusion

After a review of the case law and record before it, the court grants the defendants' motion for summary judgment as to the FIRST CAUSE OF ACTION which arises under 42 U.S.C. § 1983. The Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims alleged in the SECOND CAUSE OF ACTION. The case is REMANDED to the Spartanburg County Court of Common Pleas for further proceedings regarding the plaintiff's second cause of action.

**IT IS SO ORDERED.**

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

May 8, 2007
Florence, SC